## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**S.E.S.,** *as next friend and mother of minor*, **J.M.S.,**

    **Plaintiff,**

v.

**GALENA UNIFIED SCHOOL DISTRICT No. 499,**

    **Defendant.**

Case No. 18-2042-DDC-GEB

## MEMORANDUM AND ORDER

Plaintiff has filed an Application for Appointment of Next Friend. Doc. 5. Plaintiff J.M.S. is a minor who seeks to prosecute this civil action against defendant Galena Unified School District No. 499 for allegedly violating his rights under Titile IX, 20 U.S.C. §§ 1681, *et seq.*, and for negligent supervision under Kansas state law. Plaintiff asks the court to appoint his natural mother, S.E.S., as his next friend under Federal Rule of Civil Procedure 17(c). Plaintiff asserts that S.E.S. is an adult person with whom he resides and that she has consented to act as his next friend in this lawsuit.

The Federal Rules of Civil Procedure allow parties to sue by a "next friend" or guardian ad litem. More specifically, Rule 17(c) provides:

> **(c) Minor or Incompetent Person.**
>
> **(1) With a Representative.** The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
>     **(A)** a general guardian;
>
>     **(B)** a committee;
>
>     **(C)** a conservator; or

> **(D)** a like fiduciary.
>
> **(2) Without a Representative.** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Applying the rule to the facts presented here, the court finds that S.E.S., as the natural mother of J.M.S., qualifies as a general guardian who may sue on behalf of a minor, with no need for a formal court appointment. *See Meredith ex rel. Meredith v. Dusin*, No. 03-2532-CM-DJW, 2003 WL 22844157, at *1 (D. Kan. Nov. 12, 2003) (citing *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (D. Mich. 1998); and denying motion for next friend as moot). *See also* Memorandum and Order, *McKinney v. Kan. Best Pizza, Inc.*, No. 17-2369-JAR-GLR (D. Kan. Jan. 25, 2018), ECF 4 at 2 (same).

For this reason, plaintiff's Application for Appointment of Next Friend (Doc. 5) is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Application for Appointment of Next Friend (Doc. 5) is denied as moot. The court recognizes S.E.S.'s status as a general guardian of J.M.S., and in that capacity S.E.S. may sue on J.M.S.'s behalf under Fed. R. Civ. P. 17(c)(1)(A).

**IT IS SO ORDERED.**

Dated this 25th day of January, 2018, at Topeka, Kansas.

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**