# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| J.M.S., a minor, by and through his next<br>Friend and mother, S.E.S., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 18-2042-DDC-GEB** |
| | ) | |
| GALENA UNIFIED SCHOOL<br>DISTRICT NO. 499, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

### I.  Nature of the Matter.

Plaintiff asserts claims in this action against Defendant Galena Unified School District No. 499, Cherokee County, Kansas, ("USD No. 499") for alleged sex/gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688, ("Title IX")(Count I) and negligent supervision under Kansas common law (Count II).  Plaintiff's Title IX claim is premised on various accounts of alleged name-calling and teasing by other students consisting primarily of homosexual slurs and other insults referring to Plaintiff's sexual orientation. See Complaint (ECF No. 1), pp. 3-6, 8-10, 12-13 & 20-21 ¶¶ 12, 16, 17, 23, 24, 26, 27, 32, 36, 39, 46, 49, 50, 73 & 77.  Because a claim of discrimination based upon sexual orientation is not actionable under Title IX, Defendant is entitled to dismissal of Plaintiff's Title IX claim.  See Medina v. Income Support Div., 413 F.3d 1131, 1135 (10th Cir. 2005) (harassment claim premised on sexual orientation is not actionable under Title VII which like Title IX prohibits discrimination based on sex).

Plaintiff's state law tort claim of negligent supervision should also be dismissed.  First,

jurisdiction is lacking over Plaintiff's negligent supervision claim, because Plaintiff has failed plead compliance, or actually comply, with K.S.A. 12-105b. Second, Plaintiff's negligent supervision claims fails to state a viable cause of action against Defendant as to his state law negligent supervision claim because Kansas does not recognize a cause of action premised on negligence where there is no physical injury. Third, Plaintiff's negligent supervision claim is barred by exceptions to the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*.

For these and the other reasons set forth herein, each of Plaintiff's claims against Defendant fail, as a matter of law, entitling Defendant to dismissal of each and every claim asserted against it by Plaintiff.

**II.    Statement of Facts**[1].   Because this is a motion to dismiss, the facts are generally limited to those set forth in the pleadings. Those factual allegations material to this motion to dismiss are as follows:

1.    Defendant USD No. 499 is a unified school district and governmental subdivision of the State of Kansas, duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-8201, *et seq.* Fed.R.Evid. 201.

2.    As a public school district, Defendant USD No. 499 falls within the definition of a municipality for purposes of K.S.A. 12-105b. K.S.A. 12-105a(a). Fed.R.Evid. 201.

3.    Plaintiff J.M.S. does not allege in his Complaint (ECF No. 1) that he complied with K.S.A. 12-105b.

4.    Plaintiff J.M.S. does not allege in his Complaint (ECF No. 1) that he suffered any physical injury as a result of any negligence by Defendant.

---

1    These facts are admitted solely for purposes of this motion and should not be deemed admissions for purposes of trial. Wright, Miller & Kane, Fed.Prac. & Proc. § 2722 at 48.

### III.   Questions Presented.

A.     Whether Plaintiff has failed to state a viable claim against Defendant for violation of Title IX?

B.     Whether Plaintiff's negligent supervision claim should be dismissed?

   1.     Whether this court lacks jurisdiction over Plaintiff's negligent supervision claim due to Plaintiff's failure to plead compliance, or actually comply, with K.S.A. 12-105b?

   2.     Whether Plaintiff has failed to state a viable claim against Defendant for negligent supervision?

   3.     Whether Plaintiff's negligent supervision claim is barred by exceptions to the Kansas Tort Claims Act?

### IV.   Legal Argument and Authorities.

A.     **Applicable Legal Standards to Motions to Dismiss.** To survive a motion to dismiss, a plaintiff must plead "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). In pleading grounds for entitlement to relief, a plaintiff must provide more than just speculative allegations and must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Id. (internal citations omitted). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949.

Moreover, the court is not required to accept plaintiff's conclusory allegations as true.

3

See Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Twombly, 550 U.S. at 557 (a plaintiff cannot rely on conclusory allegations of a violation but must provide "factual enhancement" of how the alleged violation occurred to support her claims). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations', but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949. The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. Hall v. Whiteman, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. Id. Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. Id.

Finally, in analyzing state law claims, this court is bound to follow binding precedents of the highest state court. School Employees Credit Union v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 839 F.Supp. 1477 (D.Kan. 1993). When a question of state law has not been addressed by the state's highest court, federal court must follow the decision by state's intermediate court unless other persuasive data convinces it that state's highest court would answer the question differently. In re Reed, 147 B.R. 571 (D.Kan. 1992); see also Delano v. Kitch, 663 F.2d 990 (10th Cir. 1981), cert. denied 456 U.S. 946 (1982).

**B.** **Plaintiff fails to state a viable cause of action under Title IX.** Title IX provides that "No person in the United States shall, **on the basis of sex**, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). Like

Title VII[2], Title IX was not enacted to impose liability upon school districts for lack of civility between students that is not motivated by gender. Similarly, courts decline to apply Title IX as a "general civility code" in the educational context as well. Jennings v. Univ. of N. Carolina, 482 F.3d 686, 696 (4th Cir. 2007); see also Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1263 (10th Cir. 2005) (addressing harassment in Title VII context); Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 75, (1992) (courts turn to Title VII for guidance in addressing Title IX claims); Gossett v. Bd. of Regents for Langston Univ., 245 F.3d 1172, 1176 (10th Cir. 2001) ("Courts have generally assessed Title IX discrimination claims under the same legal analysis as Title VII claims.").

Plaintiff does not assert in his Complaint (ECF No. 1) that he was discriminated against because of his sex/gender – that is that he was being harassed because he was male rather than female. Instead, his Title IX claim based on allegations that other students were harassing him because of his perceived sexual orientation –i.e. that he was gay. See Complaint (ECF No. 1), pp. 5-6 ¶ 23 ("Minor Male Number One had started the rumor about J.M.S. being gay. ... Minor Male Number Three claimed to have known about J.M.S.'s sexual orientation because Minor Male Number Three and J.M.S. had been best friends until the previous summer ... ."), p. 6 ¶ 24 ("there were numerous comments about J.M.S. being a fag and gay jokes directed at or made at the expense of J.M.S."), pp. 21-23 ¶ 77 ("The harassers' motivation is revealed by examples of their conduct, including but not limited to: (a) ... they perceived that difference as springing from homosexuality ...; (b) One harasser ... stated a rumor that J.M.S. was gay ...; (c) Harassers called J.M.S. gay, faggot, bitch, and 'Locker Room' ...; (d) ... called him a fucking fag ...; (e)

---

2    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, provides that "[i]t shall be an unlawful employment practice for an employer—to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, **because of such individual's** race, color, religion, **sex**, or national origin." 42 U.S.C. § 2000e–2(a)(1)(emphasis added).

… two harassers … asking her why she was going out with J.M.S. when he was so gay …; (f) … a student called him a fag …; (g) … J.M.S. is the biggest fag in the world …; (h) … calling J.M.S. a fag or gay …; (i) … Minor Male Number Five … said, 'J.M.S. is so fucking gay' …; (j) … harassing students told her that J.M.S. was … probably a fag …; (k) A female student … sent a group message saying 'we all have that one friend who says he's not gay, but actually is @[JMS]' …; (m) … asking J.M.S., 'What are you going to do about it fag?' …; (n) … Minor Male Number Eleven, called him a bitch …; (o) … asked where J.M.S. was going to school and if it was the 'place where all the faggots go?' …; and (p) Galena students continued to gay-bash J.M.S. … .").

However, Title IX does not explicitly extend to include claims on the basis of sexual orientation. 20 U.S.C. § 1681(a). Harassment on the basis of sexual orientation cannot form the basis of a cognizable Title IX claim. Tumminello v. Father Ryan High Sch., Inc., 678 F.App'x 281, 284 (6th Cir.), cert. denied, ___ U.S. ___, 138 S.Ct. 121, 199 L.Ed.2d 32 (2017); see Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist., 647 F.3d 156, 165 (5th Cir. 2011) (harassment is actionable under Title IX only if it is "based on sex, per the words of Title IX, and not merely tinged with offensive sexual connotations" and affirming summary judgment where record fails to suggest the harasser "was motivated by anything other than personal animus"). Title IX must be construed narrowly in its interpretation regarding classifications protected from discrimination. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 190, (2005) (Thomas, J., dissenting) (noting that Congress enacted Title IX pursuant to its spending power and that "Congress must speak with a clear voice when it imposes liability on the States through its spending power," thus supporting a narrow interpretation of the statute's language regarding sex discrimination). "It is within the province of Congress—and not this Court—to identify those

classifications which are statutorily prohibited." Johnston v. Univ. of Pittsburgh of Com. Sys. of Higher Educ., 97 F. Supp. 3d 657, 676–77 (W.D. Pa. 2015) (student failed to state Title IX claim).

Neither the Tenth Circuit nor U.S. Supreme Court, the two authorities by which this Court is bound, have found that sex discrimination and harassment under Title IX extends to include claims on the basis of one's sexual orientation. Notably however, in the 10th Circuit, Title VII does **not** extend to harassment due to a person's sexual orientation. Medina v. Income Support Div., 413 F.3d 1131, 1135 (10th Cir. 2005) ("Title VII's protections, however, do not extend to harassment due to a person's sexuality.... Congress has repeatedly rejected legislation that would have extended Title VII to cover sexual orientation.") (internal quotations omitted). Again, in the absence of authority construing Title IX, courts should look to Title VII decisions. Franklin, 503 U.S. at 75 (courts turn to Title VII for guidance in addressing Title IX claims); Gossett, 245 F.3d at 1176 ("Courts have generally assessed Title IX discrimination claims under the same legal analysis as Title VII claims."). The majority of other circuits have also found that Title VII does not prohibit sexual orientation discrimination. See, e.g., Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 259 (1st Cir. 1999) ("[W]e regard it as settled law that, as drafted and authoritatively construed, Title VII does not proscribe harassment simply because of sexual orientation."); Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 261 (3d Cir. 2001); Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 143 (4th Cir. 1996); Blum v. Gulf Oil Corp., 597 F.2d 936, 938 (5th Cir. 1979); Kalich v. AT & T Mobility, LLC, 679 F.3d 464, 471 (6th Cir. 2012); Williamson v. A.G. Edwards & Sons, Inc., 876 F.2d 69, 70 (8th Cir. 1989); DeSantis v. Pacific Telephone & Telegraph Co., 608 F.2d 327, 329-30 (9th Cir. 1979); Evans v. Georgia Reg'l Hosp., 850 F.3d 1248, 1255 (11th Cir. 2017); but see Hively v. Ivy Tech

Community College of Indiana, 853 F.3d 339, 341 (7th Cir. 2017); Zarda v. Altitude Express, Inc., 883 F.3d 100 (2d Cir. 2018). "The courts are not free to expand Title VII to prohibit discrimination on the basis of sexual orientation." Pambianchi v. Arkansas Tech Univ., No. 4:13-CV-00046-KGB, 2014 WL 11498236, at *4 (E.D. Ark. Mar. 14, 2014) (citing Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 261 (3d Cir. 2001). "Because Congress has not made sexual orientation a protected class, the appropriate venue for pressing the argument raised by the Commission and the dissent is before Congress, not this Court." Evans, 850 F.3d at 1261 (citing list of failed bills introduced in Congress).

Regardless, this Court is bound by the law of the Tenth Circuit. See, e.g., United States v. Goodwin, No. 07-20168-24-JWL, 2013 WL 2449535, at *2 (D. Kan. June 5, 2013) ("This court, of course, is bound by the law of the Tenth Circuit."). Because the U.S. Supreme Court has not opined to the contrary on this issue, the Tenth Circuit's decision in Medina finding that sexual orientation is not covered under Title VII is the controlling law in this district. Further, because there is no contrary authority from either the U.S. Supreme Court or the Tenth Circuit construing Title IX claims, the Tenth Circuit's decision in Medina involving Title VII should also control in a Title IX case. Franklin, 503 U.S. at 75 (courts turn to Title VII for guidance in addressing Title IX claims); Gossett, 245 F.3d at 1176 ("Courts have generally assessed Title IX discrimination claims under the same legal analysis as Title VII claims."). Like under Title IX, sexual orientation is not explicitly a protected characteristic under Title VII. Accordingly, as a matter of law, Plaintiff's Title IX claim which alleges harassment on the basis of sexual orientation rather than sex/gender is not actionable under Title IX and, therefore, Count I of his Complaint (ECF No. 1) should be dismissed.

C. **Plaintiff's negligent supervision claim should be dismissed.** First, jurisdiction

is lacking over Plaintiff's negligent supervision claim, because Plaintiff has failed compliance, or actually comply, with K.S.A. 12-105b. Second, Plaintiff's negligent supervision claims fails to state a viable cause of action against Defendant as to his state law negligent supervision claim because Kansas does not recognize a cause of action premised on negligence where there is no physical injury. Third, Plaintiff's negligent supervision claim is barred by exceptions to the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*

**1.** **Plaintiff has failed to plead compliance, or actually comply, with K.S.A. 12-105b depriving this Court of jurisdiction over Plaintiff's state law claims.** In Count II of his Complaint (ECF No. 1), p. 24, Plaintiff asserts a Kansas common law tort claim for negligent supervision. Because Plaintiff seeks to pursue this tort claim against a Kansas public school district, his proposed claims fall within the scope of the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, and no subject matter jurisdiction can be obtained over his claims by this or any other court until such time as he has first satisfied the requirements of K.S.A. 12-105b. Sleeth v. Sedan City Hosp., 298 Kan. 853 (2014); K.S.A. 12-105a. Before bringing suit, a claimant is required to file a written claim "with the clerk or the governing body of the municipality."[3]

Here, Plaintiff has not even alleged in his Complaint (ECF No. 1) that he complied with this condition precedent. Failing to **plead** compliance with K.S.A. 12-105b in the Complaint is a basis for dismissal of any state law claim brought against USD No. 499. See Tucking v. Board

---

3    A written claim under K.S.A. 12-105b must include:

(1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested.

K.S.A. 12-105b(d). A claimant is **required** to state each of these five elements in the written claim. Tucking v. Board of Jefferson County Comm'rs, 14 Kan.App.2d 442, 446-47, rev. denied, 246 Kan. 770 (1990).

of Jefferson County Comm'rs, 14 Kan.App.2d 442, rev. denied 246 Kan. 770 (1990) (holding that the plaintiff has the burden of pleading performance or occurrence of conditions precedent). In the present case, Plaintiff has failed to allege the performance or occurrence of this condition precedent in his Complaint (ECF No. 1). Therefore, on the face of the pleadings, this Court lacks subject matter jurisdiction over his negligent supervision claims against Defendant and Defendant is entitled to dismissal of the same.

        2.       **Plaintiff's Complaint (ECF No. 1) fails to state a claim for negligent supervision.**  Actionable negligence must contain three essential elements: (1) there must be a duty running from the defendant to the plaintiff; (2) the defendant must have breached the duty; and (3) the breach of the duty by the defendant must have injured and damaged the plaintiff. Kitchener v. Williams, 171 Kan. At 547 (citation omitted); see also Kirk v. City of Shawnee, 27 Kan.App.2d 946 (2000). Here Plaintiff fails to allege sufficient facts to support the existence of a duty on the part of Defendant or a physical injury suffered by Plaintiff. Of course, without a duty, there can be no breach by Defendant. Because Plaintiff has failed to plead sufficient facts to support these essential elements of his negligence claim, the same must be dismissed.

        First, Kansas courts do not recognize a negligent supervision claim "by imposing upon school personnel the duty to supervise students in such a manner as to prevent emotional harm to other students." Theno v. Tonganoxie Unified Sch. Dist. No. 464, 377 F. Supp. 2d 952, 968-970 (D. Kan. 2005). Under Kansas law there is no duty to prevent teasing or other behavior which does not amount to illegal behavior under federal law. Wirtz v. Kansas Farm Bureau Services, Inc., 274 F.Supp.2d 1198, 1209 (D.Kan. 2003) (oridinary trials and tribulations of the workplace such as jokes and occasional teasing are not actionable). "As a practical matter, imposing upon

public schools the duty to supervise students in such a manner as to prevent emotional harm to other students would undoubtedly subject Kansas schools to an enormous number of lawsuits." Id. The lack of duty alone is sufficient basis for dismissal of Plaintiff's negligent supervision claim.

Second, Plaintiff alleges no physical injuries in the Complaint (ECF No. 1). Physical injury is an essential element of a negligence claim under Kansas law. Majors v. Hillebrand, 51 Kan.App.2d 625, Syl. ¶ 1 (2015); Curts v. Dillards, Inc., 30 Kan. App.2d 814 (2002); C.T. v. Liberal Sch. Dist., 562 F. Supp. 2d 1324, 1345 (D. Kan. 2008). "There is no tort, common law or statutory, without injury." Bacman v. St. Monicas Congregation, 902 F.2d 1259, 1263 (7th Cir. 1990). Kansas has long held that there can be no recovery for emotional distress caused by the negligence of another unless accompanied by or resulting in physical injury. Humes v. Clinton, 246 Kan. 590, 598 (1990) (citations omitted); Hoard v. Shawnee Mission Medical Center, 233 Kan. 267, 274 (1983) (Kansas does not recognize the tort of negligent infliction of emotional distress absent some bodily injury). The physical injury must occur contemporaneously with or shortly after the incident causing the emotional distress. Payne v. General Motors Corp., 731 F.Supp. 1465, 1474 (D.Kan. 1990). The purpose of the physical injury rule is to guard against fraudulent or exaggerated emotional distress claims.4 Maddy v. Vulcan Materials Co., 737 F.Supp. 1528, 1534 (D.Kan. 1990); Freeman v. Kansas State

---

4     Laughinghouse v. Risser, 786 F.Supp. 920, 928-29 (D.Kan. 1992), explains:

In order to maintain an action for emotional distress caused by the negligence of a defendant, the plaintiff's distress must result in or be accompanied by a physical injury occurring contemporaneously with or shortly after the incident causing the emotional distress." Paynes v. General Motors Corp., 731 F.Supp. 1465, 1474 (D.Kan. 1990). The purpose of the rule is to guard against emotional distress which is feigned or counterfeited. Freeman v. Kansas State Network, Inc., 719 F.Supp. 995, 1001 (D.Kan. 1989). The rule also recognizes that emotional distress is a common experience in life. Id. Physical injury is considered evidence or substantiation of severe and genuine emotional distress. Fogarty v. Campbell 66 Exp., Inc., 640 F.Supp. 953, 958 (D.Kan. 1986) citing Restatement (Second) of Torts § 436A Comment b.

See also W.Prosser, Handbook of the Law of Torts § 54, p. 328 (1971).

Network, Inc., 719 F.Supp. 995, 1001 (D.Kan. 1989). The rule also recognizes that emotional distress is a common experience in life and is usually trivial. Recovery is thus available only in those cases involving severe emotional distress evidence and substantiated by actual physical injury. Freeman, 719 F.Supp. at 1001.

"There may be no recovery in Kansas for emotional distress unless that distress results in 'physical impact': an actual physical injury to the plaintiff. Generalized physical symptoms of emotional distress such as headaches and insomnia are insufficient to state a cause of action." Anderson v. Scheffler, 242 Kan. 857, 860 (1988) (citations omitted) (shock, emotional pain, feelings of guilt, recurring nightmares and depression does not show actual physical impact sufficient for claim of negligence infliction of emotional distress); see also Anspach v. Tompkins Industries, 817 F.Supp. 1499, 1520 (D.Kan. 1993) (stress, troubled sleep, headaches, difficulty concentrating and crying spells do not satisfy requirement of physical injury; Maddy v. Vulcan Materials Co., 737 F.Supp. 1528 (D.Kan. 1990) (complaints of headaches and anxiety did not constitute "physical injury"); Anderson v. Scheffler, 242 Kan. 857, appeal after remand, 248 Kan. 736 (1988) (generalized physical symptoms of emotional distress such as headaches and insomnia are insufficient to support cause of action for negligent infliction of emotional distress); Schweitzer-Reschke v. Avnet, Inc., 874 F.Supp. 1187 (D.Kan. 1995) (general feeling of anxiety, a feeling of shortness of breath, rapid heartbeat or a sense of "my lungs, like, collapsing, a feeling like I can't breathe" insufficient evidence of physical impact). Plaintiff's Complaint (ECF No. 1) contains only allegations of "extreme embarrassment, humiliation, anxiety, depression, emotional pain, sadness, and anger." ECF No. 1 at p. 20 ¶ 73. Because his Complaint (ECF No. 1)) contains no factual allegations of physical injury sufficient under Twombly or Iqbal to support a negligence claim under Kansas law, Count II of his Complaint

(ECF No. 1) must be dismissed.

3. **Plaintiff's negligent supervision claim is foreclosed by exemptions to the Kansas Tort Claims Act.** First, the Act, in K.S.A. 75-6104(e), provides that "[a] governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from any claim based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a governmental entity or employee, whether or not the discretion is abused and regardless of the level of discretion involved." "Discretion" within the meaning of this exception is defined as:

> the exercise of discriminating judgment within the bounds of reason. It involves the choice of exercising of the will, of determination made between competing and sometimes conflicting considerations. Discretion imparts that a choice of action is determined, and action should be taken with reason and good conscience in the interest of protecting the rights of all parties and serving the ends of justice.

Sigg v. Board of County Commissioners, 1999 WL 588186, at *7 (D. Kan. 1999) quoting Schmidt v. HTG, Inc., 265 Kan. 372, 392 (1998). The acts or omissions about which Plaintiff complains in this litigation are clearly discretionary acts and his negligence claims are therefore barred.

Plaintiff's claims are premised on the alleged actions of the agents and employees of Defendant which Plaintiff asserts establish a failure "to take reasonable steps" that were clearly discretionary to protect Plaintiff from harm associated with alleged bullying and harassment by his peers. See Complaint (ECF No. 1), p. 24-26. Plaintiff further alleges that Defendant failed to discipline students pursuant that the district's bullying policy which provided that students who have bullied others "*may* be subject to disciplinary action." Complaint (ECF No. 1), p. 25, ¶¶ 90, 92. In addition, Plaintiff alleges failure to train administrators, teachers and coaches, and failure to exercise reasonable care in the supervision of students. Complaint (ECF No. 1), p. 25, ¶¶ 92,

94. These allegations form the basis of Count II of Plaintiff's Petition and clearly demonstrate that the acts and omissions about which he complains are discretionary. Accordingly, his negligent supervision claims must be dismissed based on K.S.A. 75-6104(e).

Plaintiff's negligent supervision claims are also barred by K.S.A. 75-6104(a), (c) & (d). Again, the basis of Plaintiff's negligent supervision claim is the alleged failure of the Defendant to follow and enforce, through discipline of other students, its Bulling Prevention Plan and Policies. Complaint (ECF No. 1), p. 25, ¶¶ 90-92. The gist of these allegations is that Defendant either failed to adopt or failed to enforce bullying policies or programs. As such, these claims are barred by the exceptions to the Kansas Tort Claims Act found in K.S.A. 75-6104(a), (c) & (d) and should be dismissed.

## V.   Conclusion.

Both of Plaintiff's claims against Defendant should be dismissed. Plaintiff's Title IX claim which is premised on alleged harassment by his peers based on sexual orientation is simply not actionable and should therefore be dismissed. See Medina, 413 F.3d at 1135. Plaintiff's state law tort claim of negligent supervision should also be dismissed because: (1) Plaintiff has failed to plead compliance, or actually comply, with K.S.A. 12-105b; (2) Plaintiff has failed to plead facts which would state a viable cause of action for negligent supervision against Defendant under Kansas law (no duty, no breach and no physical injury); and (3) Plaintiff's negligent supervision claim is barred by exceptions to the Kansas Tort Claims Act, K.S.A. 75-6101 et seq. Because each of Plaintiff's claims against Defendant fail, as a matter of law, this action should be dismissed.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Telephone:    (913) 371-3838
Facsimile:    (913) 371-4722
E-mail:    ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
    Gregory P. Goheen    #16291

Attorneys for Defendant Unified School District No. 499,
Cherokee County, Kansas

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Arthur A. Benson, II
Jamie K. Lansford
Arthur Benson & Associates
4006 Central Avenue
Kansas City, MO 64111

Attorneys for Plaintiffs

/s/ Gregory P. Goheen