IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| J.M.S. by his mother, S.E.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-2042-DDC-GEB |
| | ) |
| GALENA UNIFIED SCHOOL | ) |
| DISTRICT No. 499, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Defendant has moved to dismiss Plaintiff's Title IX and negligent supervision claims. Defendant is correct as to the negligent supervision claim (Count II), and Plaintiff stipulates to its dismissal. But Defendant's argument that the Title IX claim (Count I) does not state a claim is flawed because it relies on a mischaracterization or misunderstanding of the claim. Properly understood, Plaintiff's Complaint states a viable Title IX claim and, as to that count, Defendant's motion must be denied.

#### PLAINTIFF'S COMPLAINT STATES A VIABLE TITLE IX CLAIM

Defendant wrongly characterizes Plaintiff's Title IX claim as a "claim of discrimination based upon sexual orientation." Defendant's Memorandum (Doc. 11) at 1. But the Complaint plainly pleads:

> 76. J.M.S. was harassed based on his gender in that, as alleged, *supra*, and especially at ¶¶ 11 and 12, in that his harassers were motivated by J.M.S.'s gender or his failure to conform to stereotypical male characteristics.

Plaintiff's complaint tracks the very language of and invokes the theory recognized in

*Theno v. Tonganoxie Unified School District No. 464*, 377 F.Supp.2d 952 (D.Kan. 2005).  In *Theno*, in which whether or not the harassment was based on sex was argued on motion for summary judgment (and on motion to reconsider), Judge Lungstrum recognized that public schools can be liable under Title IX for student-on-student sexual harassment, where the funding recipient acts with deliberate indifference to known acts of harassment where that harassment is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to educational opportunity or benefit.  Judge Lungstrum correctly predicted that *Price Waterhouse v. Hopkins*, 490 U.S. 228, 235 (1989), provides another method (other than the three methods listed in *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998)) for proving that same-se harassment is based on sex.  And, indeed, in *Medina v. Income Support Division*, 413 F.3d 1131, 1135 (10th Cir. 2005), the Tenth Circuit confirmed that the *Price Waterhouse* gender stereotyping theory provides an alternative to the three methods listed *Oncale* that a plaintiff can use to prove discrimination on the basis of sex.[1]  *Theno*, 377 F.Supp. at 971.  In the original memorandum and order denying summary judgment (and reiterated in the rejection of the school district's motion to reconsider), Judge Lungstrum reasoned:

> In this case, a rational trier of fact could infer that plaintiff was harassed because he failed to satisfy his peers' stereotyped expectations for his gender because the primary objective of plaintiff's harassers appears to have been to disparage his perceived lack of masculinity.  The name-calling, standing alone, probably would not be sufficient to withstand summary judgment.  *See*, *e.g.*, *Benjamin v. Metro. Sch. Dist.*, No. 00-0891-C-T/K, 2002 WL 977661, at *3-4 (S.D.Ind. Mar. 27, 2002)

---

[1] Defendant cites *Medina* for its holding that harassment based on a person's sexual orientation are not protected, but overlooked the Tenth Circuit's recognition that a showing that the harasser was acting to punish a plaintiff's noncompliance with gender stereotypes was actionable.

2

>  (holding the harassers' use of the terms "bitch," "whore," and "slut" were not based on gender bias under *Oncale*); *Burwell v. Pekin Cmty. High Sch. Dist. 303*, 213 F.Supp.2d 917, 930-31 (C.D.Ill. 2002) (remarking that there was little in the record to support the fact that males who called the female plaintiff "bitch," "pussy," and "slut" were motivated by the plaintiff's gender).  But, in this case, the bulk of the more severe harassment traced its origins back to the rumor that began when plaintiff was in seventh grade that he was caught masturbating in the bathroom.  The fact that plaintiff's peers made crude drawings and teased him because he was perceived to be a masturbator, when combined with arguably related crude name-calling, reflects that plaintiff's harassers believed that he did not conform to male stereotypes by *not* engaging in such behavior at school, *i.e.*, that he did not act as a man should act.  Consequently, plaintiff has raised a genuine issue of material fact regarding whether he was harassed on the basis of his sex.  *See, e.g., Schmedding v. Tnemec Co.*, 187 F.3d 862, 865 (8th Cir. 1999) (complaint stated Title VII same-sex harassment claim where harassment included rumors that falsely labeled the plaintiff as homosexual "in an effort to debase his masculinity"); *Montgomery v. Index. Sch. Dist. No. 709*, 109 F.Supp.2d 1081, 1092-93 (D.Minn. 2000) (complaint stated Title IX same-sex harassment claim under gender stereotyping theory where plaintiff did not meet his peers' stereotyped expectations of masculinity).

*Id*. at 972.

The court also dismissed the school district's argument that under a gender stereotyping theory there must be evidence that plaintiff was effeminate and that the evidence did not reflect that Theno's harassers actually perceived him to be effeminate.  While harassment of a male whose harassers perceive him to be effeminate constitutes discrimination under a gender stereotyping theory, that interpretation did not take into account what the Supreme Court had said in *Price Waterhouse*.  The Supreme Court had explicitly adopted a theory of harassment based on failure to conform to gender stereotypes.  As *Schmedding* and *Montgomery* illustrate, the issue is not whether a male plaintiff is effeminate, but rather whether he was harassed on the grounds that he was perceived as failing to satisfy stereotypical gender expectations.  *Id*. at 973.

U.S.D. No. 499's motion is brought "pursuant to Fed.R.Civ.P. 12" without further

elaboration.  Defendant's Motion (Doc. 10) at 1.  But it is evident that it is Rule 12(b)(6) that Defendant invokes.  Weighing a motion to dismiss under Rule 12(b)(6) requires that this Court "evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on it face."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).  The Court must "accept as true all well-pleaded factual allegations . . . and view [those] allegations in the light most favorable to the plaintiff."  *Id.*  As observed, *supra* at 1, Plaintiff pleaded that he was harassed based on his gender in that his harassers were motivated by J.M.S.'s gender or his failure to conform to stereotypical male characteristics.  Complaint, Doc. 1 ¶ 76.  He pleaded sixteen examples of his harassers' conduct that laid bare his harassers' motivation to harass him because of his failure to conform to stereotypical male characteristics.  *Id*. at ¶ 77 a-p.  Under *Theno*, not to mention *Price Waterhouse,* Plaintiff has stated a viable Title IX claim upon which relief may be granted and for that reason, this Court must deny Defendant's Motion to Dismiss as to Count I of Plaintiff's Complaint.

Respectfully submitted,

ARTHUR BENSON & ASSOCIATES

By  s/ Jamie Kathryn Lansford
Arthur A. Benson II  D.Kan. # 70134
Jamie Kathryn Lansford D.Kan #70220
4006 Central Avenue
Kansas City, Missouri 64111
(816) 531-6565
(816) 531-6688 (telefacsimile)
abenson@bensonlaw.com
jlansford@bensonlaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was filed on the Court's electronic filing system which served a copy on counsel identified below this  24th   day of April, 2018:

Gregory P. Goheen  #16291
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, Kansas  66103
(913) 371-3838
(913) 371-4722 (telefacsimile)
ggoheen@mvplaw.com

Attorneys for Defendant United School Dist. No 499
Cherokee County, Kansas

                         s/ Jamie Kathryn Lansford
                         Attorney for Plaintiff