IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.E.S., *as Next Friend and Mother of* J.M.S., a Minor,

**Plaintiff,**

vs.

**GALENA UNIFIED SCHOOL DISTRICT NO. 499,**

**Defendant.**

Case No. 18-2042-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Leave To File Complaint and Proceed Using Initials (Doc. 6) filed January 24, 2018. Plaintiff, as next friend and mother of J.M.S., seeks leave to proceed in this case with herself and family members—her husband and her minor sons[1]—identified only by their initials. For the reasons explained below, the court grants plaintiff's motion.

## Factual Background

The following facts come from plaintiff's Complaint (Doc. 1). Plaintiff alleges that, while he was a student at Galena Middle School from 2014 to 2017, J.M.S. endured sex and gender discrimination in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq*. The alleged harassment began in response to J.M.S.'s gender or

---

[1] J.M.S. and his minor brother ("G.L.S.") may proceed using initials without court approval. Fed. R. Civ. P. 5.2(a)(3); District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I, *available at* (http://ksd.uscourts.gov/wpcontent/uploads/2018/01/CvAdminProcFINAL-12-1-16.docx). The court thus addresses just the request for J.M.S.'s parents.

refusal to conform to stereotypical male characteristics at Galena Middle School. The perpetrators were schoolmates under the disciplinary authority of U.S.D. No. 499.

The Complaint alleges verbal harassment, physical threats, and physical contact. Due to his diagnosis of Idiopathic Thrombocytopenic Purpura ("ITP")—a bleeding disorder in which the immune system destroys platelets—J.M.S. asserts he has greater risk of physical harm. Also, he asserts, students and teachers knew about his diagnosis and enhanced risk to harm. The plaintiff saw that her son was subjected to the harassment and physical conduct. Plaintiff claims she repeatedly reported the behavior to U.S.D. No. 499 employees but they did nothing to alleviate it.

The Complaint contends the harassment was "so severe, pervasive, and objectively offensive that it effectively deprived [J.M.S.] of access to educational benefits or opportunities provided by the school district." Doc. 1 at 20 (Compl. ¶ 73). Both J.M.S. and G.L.S. (his younger brother) have enrolled at school in Joplin for the 2017–2018 school year to avoid instances of "bullying, harassing, and gay-bashing" at Galena Middle School. Doc. 1 at 20–21 (Compl. ¶ 71–72). The incidents allegedly have caused actual damages in the form of extreme embarrassment, humiliation, anxiety, depression, and emotional pain. J.M.S. has been diagnosed as the victim of psychological abuse causing adjustment disorder with anxiety. J.M.S. has sought treatment from neuropsychologists and continues to participate in individual psychotherapy.

## Legal Analysis

### I. Legal Standard

J.M.S. and his brother, G.L.S., are minors, and thus, appropriately identified by initials. Fed. R. Civ. P. 5.2(a)(3). Allowing an adult party to proceed under a pseudonym in federal court

is, by all accounts, an unusual procedure. *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017). Courts recognize a general right for the public to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The court should exercise "informed discretion" and weigh the interests of the public, which are presumptively paramount, against those advanced by parties. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). When a court grants a party permission to proceed under a pseudonym, it often couples that permission with the requirement that the party disclose its real name to the defendant and the court. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

There are, however, narrowly defined permissible exceptions to this rule. They exist when the requesting party demonstrates that the need for anonymity outweighs the presumption in favor of open court proceedings. Exceptional circumstances exist if the case involves: (1) matters of a highly sensitive and personal nature, (2) real danger of physical harm, or (3) where the disclosure would cause the party to sustain the injury that the litigation seeks to avert. *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006).

## II. Discussion

The court evaluates the current claim of exceptional circumstances by examining to the factors enumerated in *Raiser*.

*First*, this case presents a highly sensitive and personal issue. The Complaint seeks damages for sex and gender discrimination against a minor in violation of Title IX. Courts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature. *See U.S.D. No. 237*, 2017 WL 3839416, at

*11; *see also J.B. v. Liberal Sch. Dist., USD No. 480*, No. 06-2359-MLB, 2006 U.S. Dist. LEXIS 67622, at *5 (D. Kan. Sept. 20, 2006).

Here, J.M.S.'s parents exceed the age of majority, and thus, have more limited privacy interests. *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). However, J.M.S. and his parents share common privacy interests based on their inseparable relationship to one another. *J.W. v. District of Columbia*, 318 F.R.D. 196, 201 (D.D.C. 2016). Ordering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the alleged sex and gender harassment of a minor in the public record. Disclosing the parent's identities would affect J.M.S. the most. The request by J.M.S.'s parents to proceed using initials satisfies the burden of showing that the allegations by a minor child involve matters of a highly sensitive and personal nature.

*Second*, the Complaint represents that a real danger of physical harm exists if the family members' identities are disclosed in public records. The Complaint alleges physical harassment by a student who repeatedly bounced a football off J.M.S.'s head. Doc. 1 at 3. Another student frequently hit J.M.S. in the head during class. *Id*. at 6. According to the Complaint, head injuries can be fatal to those with ITP if bleeding in the brain occurs and blood platelets are low. *Id*. The facts provided in the Complaint, if true, show J.M.S. already has sustained physical harm. The disclosure of the names of J.M.S.'s family could subject him to additional physical harm.

*Third*, the Complaint's allegations demonstrate that disclosure of J.M.S.'s family name would cause J.M.S. to sustain the very injury he seeks to avoid in this case. The possibility of embarrassment does not qualify as an injury that can outweigh the presumption in favor of openness. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). But the real potential of

additional psychological harm—one of the very injuries litigated against here—is sufficient to outweigh the public interest in disclosure. *See M.T. v. Olathe Pub. Sch. USD 233*, No. 17-2710-JAR-GEB, 2018 WL 806210, at *3 (D. Kan. 2018). In addition to physical and educational damages, plaintiff alleges that he has received a diagnosis of adjustment disorder with anxiety. Requiring J.M.S.'s parents to reveal their identities likely will reveal J.M.S.'s identity in a relatively small town like Galena. Also, the court finds a need exists to protect J.M.S.'s confidential medical information. It is likely that disclosure may cause further psychological harms by past or future perpetrators.

*Last*, granting plaintiff the relief sought by this motion will not prejudice U.S.D. No. 499's defense in the case. Plaintiff claims to have reported the harassment to teachers, coaches, and administrators of the school district. Doc. 1 at 4–9. It is highly likely that J.M.S.'s identity already is known to defendant.

## Conclusion

Plaintiff has demonstrated that this is an exceptional case where the need for anonymity outweighs the public interest in having access to the identity of J.M.S.'s parents. The sex and gender harassment of a minor involves matters of a highly sensitive and personal nature. The facts of the case demonstrate risks of future physical harm and repetition of the injury against which plaintiff is litigating. Accordingly, the court grants plaintiff's Motion for Leave To File Complaint and Proceed Using Initials.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion For Leave To File Complaint and Proceed Using Initials (Doc. 6) is granted.

**IT IS SO ORDERED.**

**Dated this 12th day of July, 2018, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **Unites States District Judge**